UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

RODOLFO B. BAISA and BELLA G.
BAISA,                                    NO. CIV. 09-1464 WBS JMF

          Plaintiffs,
                                          ORDER TO SHOW CAUSE AND
     v.                                   REQUEST FOR BRIEFING

INDYMAC FEDERAL RESERVE;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
TRUSTEE CORPS; BALDWIN
MORTGAGE, INC.; C21 FUNDING
INC.; ORHAN TOLU; MYRNA D.
BAESA and DOES 1-20 inclusive,

          Defendants.
_____/

----oo0oo----

I.   Order to Show Cause

          The court has an obligation to recuse itself from any
case in which the judge might have a "financial interest,"
however small.  28 U.S.C. § 455(b)(4).  Because corporate parties
are in the best position to identify their parent and subsidiary
corporations, Federal Rule of Civil Procedure 7.1 and this court
require all non-governmental corporate entities to submit

1

corporate disclosure statements in order to assist the court in
carrying out its recusal obligation.   In its Order Setting Status
(Pretrial Scheduling) Conference issued on May 28, 2009, the
court unequivocally instructed all non-governmental corporate
parties to include corporate disclosures in the parties' Joint
Status Report:

> Pursuant to Local Rule 16-240, the parties shall submit
> to the court a JOINT Status Report fourteen (14) calendar
> days prior to the hearing date, which shall contain: . .
> . (m) a statement by any nongovernmental corporate party
> identifying all of its parent and subsidiary corporations
> and listing any publicly held company that owns 10% or
> more of the party's stock.   If any nongovernmental
> corporate party has no parent or subsidiary corporations
> or no publicly held companies owning 10% or more of its
> stock, it shall so state in the Joint Status Report.
> Thereafter, if there is any change in the information,
> the party shall file and serve a supplemental statement
> within a reasonable time after such change occurs.

(Docket No. 5.)

In so instructing, the court emphasized the importance
of corporate disclosures and warned that failure to comply with
the court's Order could warrant sanctions:

> The purpose of the corporate disclosure requirement in
> subpart (m) of this Order is to assist the court in
> carrying out this obligation, because corporate parties
> are in the best position to identify their parent and
> subsidiary corporations.  Without this information, the
> court risks retaining a case in which it unknowingly has
> a financial interest.  As a consequence, not only would
> the undersigned judge face public criticism, the public's
> confidence in an impartial judiciary would be eroded.
> Failure to assist the court in protecting these and the
> other interests advanced by § 455(b)(4)--especially in
> the face of a clear and direct request from the
> court--amounts to sanctionable conduct.

(Id.; see also id. ("**Failure to comply with the requirements of
this subpart will result in the Joint Status Report being
stricken and <u>sanctions being ordered against any nongovernmental
corporate party that did not submit its corporate disclosures</u>.**")

1  (emphasis in original).)  The Court also clarified that, "the

2  requirement that corporate disclosures be included in the

3  parties' Joint Status Report does not negate a nongovernmental

4  corporate party's obligation to file a disclosure statement 'with

5  its first appearance, pleading, petition, motion, response, or

6  other request addressed to the court' pursuant to Federal Rule of

7  Civil Procedure 7.1."  (<u>Id.</u>)

8          Of the five corporate defendants in this case, none of

9  them submitted the corporate disclosures that the court's May 28,

10  2009 Order required.  Moreover, of those five defendants, only

11  defendant Mortgage Electronic Registration Systems, Inc. ("MERS")

12  complied with Rule 7.1.[1]  Accordingly, the court will strike the

13  parties' Joint Status Report, provide the corporate defendants

14  with an opportunity to submit their corporate disclosures, and

15  order defendants Indymac Federal Reserve ("Indymac"), Baldwin

16  Mortgage, Inc., and C21 Funding, Inc. to pay sanctions of $150.00

17  each or show good cause why sanctions should not be levied.[2]

18  

19          [1]   MERS filed a "Notice of Interested Parties," which
   states that MERS "is a wholly-owned subsidiary of MERSCORP, Inc.,
20  a privately held Delaware stock corporation."  (Docket No. 12.)
   Although MERS did not include this information in the Joint
21  Status Report and neglected to identify whether MERS owns any
   subsidiary companies, MERS' compliance with Rule 7.1 provides
22  good cause not to levy sanctions against it for failure to comply
   with the court's May 28, 2009 Order.  The court expects, however,
23  that MERS will include its corporate disclosures, including any
   subsidiaries it owns, in the parties' Supplemental Joint Status
24  Report.

25          [2]   While defendants Indymac Federal Reserve ("Indymac")
   and C21 Funding, Inc. have yet to make an appearance in this
26  action, they were served with the Complaint on June 3, 2009 and
   June 9, 2009, respectively.  (Docket Nos. 6, 7.)  The court also
27  notes that plaintiff's Complaint and First Amended Complaint
   identify Indymac as "Indymac Federal Reserve," but plaintiff
28  served "Indymac Federal Bank," which appears to be the correct

1    II.   Request for Briefing

2          On June 22, 2009, counsel for Aegis Mortgage

3    Corporation, a/k/a UC Lending, New America Financial, and Caledon

4    Capital, filed a "Suggestion of Bankruptcy" indicating that Aegis

5    Mortgage Corporation had filed bankruptcy on August 13, 2007.

6    Pursuant to the automatic stay provision of 11 U.S.C. §

7    362(a)(1), the filing of bankruptcy by a defendant in a pending

8    action "prevents the 'commencement or continuation . . . of a

9    judicial, administrative, or other action or proceeding against

10   the debtor that was or could have been commenced before the

11   commencement' of the bankruptcy case." Dean v. Trans World

12   Airlines, Inc., 72 F.3d 754, 755 (9th Cir. 1995).

13         "In the absence of special circumstances, stays

14   pursuant to section 362(a) are limited to debtors and do not

15   include [claims against] non-bankrupt co-defendants."

16   Ingersoll-Rand Fin. Corp. v. Miller Mining Co., 817 F.2d 1424,

17   1427 (9th Cir. 1987) (citing Teachers Ins. & Annuity Ass'n of Am.

18   v. Butler, 803 F.2d 61, 65 (2d Cir. 1986)).  Although the Ninth

19   Circuit has provided little guidance about when a case presents

20   "special circumstances," a court may not rule on issues that

21   require the court to consider the possible liability of the

22   debtor in the underlying case.  See Dean, 72 F.3d at 756-57

23   (providing that a court may only consider a motion to dismiss a

24   claim against the debtor if "there [is] no conceivable way for

25   _____

26   name of the entity.
           The court will defer addressing defendant Aegis
27   Wholesale Corporation's lack of corporate disclosures until the
     court determines, as discussed in more detail below, whether this
28   action is stayed as to that defendant.

                              4

1  the court's consideration of the motion to harm the bankrupt"

2  defendant); <u>see also</u> <u>Lewis v. Russell</u>, No. S-03-2646, 2009 WL

3  1260290 (E.D. Cal. May 7, 2009).

4  Before proceeding with this action, the court must

5  therefore determine (1) whether defendant Aegis <u>Wholesale</u>

6  Corporation is the same entity as Aegis <u>Mortgage</u> Corporation; (2)

7  whether plaintiff's action against Aegis Wholesale Corporation

8  "'could have been commenced before the commencement' of the

9  bankruptcy case," <u>Dean</u>, 72 F.3d at 755; and (3) whether the

10 automatic stay provision of § 362(a)(1) should apply to the

11 entire action or only Aegis Wholesale Corporation.

12 IT IS THEREFORE ORDERED that, within ten days of the

13 date of this Order, defendants Indymac, Baldwin Mortgage, Inc.,

14 and C21 Funding, Inc., shall either (1) pay sanctions in the

15 amount of $150.00 each to the Clerk of the Court; or (2) submit a

16 statement of good cause explaining their failures to comply with

17 the court's May 28, 2009 Order.

18 IT IS FURTHER ORDERED that the Status (Pretrial

19 Scheduling) Conference set for October 5, 2009 at 2:00 p.m. is

20 vacated and reset for November 2, 2009.  The Joint Status Report

21 filed September 22, 2009 is hereby stricken and the parties shall

22 file a Supplemental Joint Status Report that complies with the

23 court's May 28, 2009 Order no later than October 19, 2009.

24 IT IS FURTHER ORDERED that, within ten days of the date

25 of this Order, each non-bankrupt party shall submit a brief that

26 states and provides supporting authority for the party's position

27 on each of the three aforementioned issues that are raised by the

28 "Suggestion of Bankruptcy" filed on June 22, 2009.

5

The Clerk of the Court is instructed to mail a copy of this Order to Indymac Federal Reserve and/or Indymac Federal Bank at 888 East Walnut Street, Pasadena, California, 91101 and to C21 Funding, Inc. at 1528 South El Camino Real, Suite 101, San Mateo, California, 94402.

DATED:   October 1, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE