UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

RODOLFO B. BAISA and BELLA G. BAISA,

Plaintiffs,

v.

INDYMAC FEDERAL RESERVE; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; TRUSTEE CORPS; BALDWIN MORTGAGE, INC.;ORHAN TOLU; MYRNA D. BAESA and DOES 1-20 inclusive,

Defendants.

_____________________________/

NO. CIV. 09-1464 WBS JMF

ORDER TO SHOW CAUSE

----oo0oo----

In their response to this court's October 1, 2009 Order, defendants Tolu and Baldwin Mortgage, Inc. brought to the court's attention IndyMac Bank, F.S.B., Pasadena, CA's bankruptcy and its potential impact on Indymac Federal Reserve and this

litigation.[1] (Docket No. 40 3-4.) On July 11, 2009, the Federal Deposit Insurance Corporation ("FDIC") issued a press release indicating that "IndyMac Bank, F.S.B., Pasadena, CA was closed by the Office of Thrift Supervision" and that "the FDIC will transfer insured deposits and substantially all of the assets of IndyMac Bank, F.S.B., Pasadena, CA to IndyMac Federal Bank, FSB." (Docket No. 41 Ex. A). The FDIC was named conservator of IndyMac Bank, F.S.B., Pasadena, CA ("IndyMac Bank") and IndyMac Federal Bank, FSB ("IndyMac Federal Bank"). (Id.) Indymac Bancorp, Inc., the former holding company for IndyMac Bank, FSB, filed a Chapter 11 petition in the United States Bankruptcy Court for the Central District of California on July 31, 2008. (Id. Ex. B.) On March 19, 2009, the FDIC issued a press release stating that the FDIC had arranged to sell IndyMac Federal Bank to OneWest Bank, FSB. (Id. Ex. D.)

Pursuant to the automatic stay provision of 11 U.S.C. § 362(a)(1), the filing of bankruptcy by a defendant in a pending action "prevents the 'commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement' of the bankruptcy case." Dean v. Trans World Airlines, Inc., 72 F.3d 754, 755 (9th Cir. 1995).

"In the absence of special circumstances, stays pursuant to section 362(a) are limited to debtors and do not

---

[1]Defendant Indymac Federal Reserve has thus far failed to make an appearance in this action despite being served with the Complaint on June 3, 2009 (Docket No. 6) and this court's October 1, 2009 Order by regular mail on October 1, 2009 (Docket No. 37).

include [claims against] non-bankrupt co-defendants." Ingersoll-Rand Fin. Corp. v. Miller Mining Co., 817 F.2d 1424, 1427 (9th Cir. 1987) (citing Teachers Ins. & Annuity Ass'n of Am. v. Butler, 803 F.2d 61, 65 (2d Cir. 1986)). Although the Ninth Circuit has provided little guidance about when a case presents "special circumstances," a court may not rule on issues that require the court to consider the possible liability of the debtor in the underlying case. See Dean, 72 F.3d at 756-57 (providing that a court may only consider a motion to dismiss a claim against the debtor if "there [is] no conceivable way for the court's consideration of the motion to harm the bankrupt" defendant); see also Lewis v. Russell, No. S-03-2646, 2009 WL 1260290 (E.D. Cal. May 7, 2009).

Before proceeding with this action, the court must therefore determine (1) whether defendant Indymac Federal Reserve is the same entity as IndyMac Bank, IndyMac Federal Bank, IndyMac Bancorp, Inc., or any other IndyMac entity; (2) whether defendant Indymac Federal Reserve is in bankruptcy; (3) whether plaintiff's action against Indymac Federal Reserve "'was or could have been commenced before the commencement' of the bankruptcy case," Dean, 72 F.3d at 755; and (4) whether the automatic stay provision of § 362(a)(1) should apply to the entire action or only Indymac Federal Reserve.

IT IS THEREFORE ORDERED that, within ten days of the date of this Order, each non-bankrupt party shall submit a brief that states and provides supporting authority for the party's position on each of the four aforementioned issues that are raised by IndyMac Bank's takeover by the FDIC, IndyMac Federal

Bank's sale to OneWest Bank, FSB, and IndyMac Bancorp, Inc.'s bankruptcy raised in the exhibits presented in Docket No. 41.

The Clerk of the Court is instructed to mail a copy of this Order to Indymac Federal Reserve and/or Indymac Federal Bank at 888 East Walnut Street, Pasadena, California, 91101.

DATED: October 14, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE