UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| RODOLFO B. BAISA and BELLA G. BAISA,<br><br>        Plaintiffs,<br><br>   v.<br><br>INDYMAC FEDERAL BANK; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; TRUSTEE CORPS; BALDWIN MORTGAGE, INC.; ORHAN TOLU; MYRNA D. BAESA and DOES 1-20 inclusive,<br><br>        Defendants.<br>_____/ | NO. CIV. 09-1464 WBS JMF<br><br><u>MEMORANDUM AND ORDER RE:<br>MOTION TO DISMISS</u> |

----oo0oo----

        Plaintiffs Rodolfo B. and Bella G Baisa ("the Baisas") filed this action against Indymac Federal Bank ("Indymac"),[1]

---

[1] While "Indymac Federal Bank" was listed as a defendant in and served with plaintiff's initial complaint, plaintiffs changed to calling defendant "Indymac Federal Reserve" in their First Amended Complaint and subsequent filings. In their most recent filings to this court, plaintiffs revert back to using the name "Indymac Federal Bank."  The court directs all parties to

1

1  Mortgage Electronic Registration Systems, Inc. ("MERS"), Trustee
2  Corps, Baldwin Mortgage, Inc., C21 Funding, Inc.,[2] Orhan Tolu,
3  and Myrna D. Baesa alleging various state and federal claims
4  relating to loans they obtained to refinance their home in Fair
5  Oaks, California.  MERS moves to dismiss plaintiff's First
6  Amended Complaint ("FAC") pursuant to Federal Rule of Civil
7  Procedure 12(b)(6) for failure to state a claim upon which relief
8  can be granted.[3]

I.  Factual and Procedural Background

     On February 6, 2007, plaintiffs obtained two loans from AEGIS Wholesale Corp. ("AEGIS") to refinance their home.  (FAC ¶ 33; plaintiff's Req. Judicial Notice ("RJN") Ex. 2-3.)[4] These

---

strictly comply with Federal Rule of Civil Procedure 10(a) regarding the proper naming of parties.

[2] Plaintiffs voluntarily dismissed C21 Funding, Inc. from this action on October 9, 2009.  (Docket No. 46.)

[3] On October 14, 2009, this court requested briefing on the effect of the IndyMac Bancorp, Inc. bankruptcy and the closure of IndyMac Bank, F.S.B., Pasadena, CA by the Office of Thrift Supervision.  (Docket No. 48.)  After reviewing the briefs, the court has determined that Indymac Federal Bank is unrelated to IndyMac Bancorp, Inc., and that no stay of the proceedings is necessary as to non-bankrupt parties.

[4] Plaintiffs submitted a request for judicial notice in support of the Opposition to the Motion to Dismiss.  (Docket No. 20.) The request includes copies of the Deed of Trust, Second Deed of Trust, Assignment of Deed, Notice of Default, Notice of Trustee Sale, and Trustee's Deed Upon Sale. These documents were recorded in the Sacramento County Recorder's Office.  All of these items are public records and properly subject to judicial notice. See Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co., 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005).  With respect to Exhibits 1 and 4-copies of an article titled "The MERS Fifty Million Mortgage Meltdown" and Indymac's mortgage statement referencing Loan No. 3002669228-neither of these are matters of public record suitable for judicial notice.  See Fed. R. Evid. 201(b).

2

loans were secured by deeds of trust on the property. ((FAC ¶ 33; RJN Ex. 2-3.) On both loans, Commonwealth Land Title ("Commonwealth") was listed as trustee and AEGIS was listed as Lender. (FAC ¶ 33; RJN Ex. 2-3.) Both Deeds of Trust identified MERS as the nominee for the Lender and Lender's successors and assigns, and as the beneficiary. (FAC ¶ 34; RJN Ex. 2, 3.)

MERS facilitates the transfer of mortgage interests by providing an electronic tracking system for the mortgage interests registered in its system. (Opp. Mot. to Dismiss 1: 24-26.) To do this, MERS is the beneficiary of record in a "nominee" capacity for the mortgage lender on all security instruments in its system. (FAC ¶ 10.) When the lender assigns its beneficial interest to another entity within MERS's electronic system, MERS remains the beneficiary of record for that instrument by serving as nominee for the new beneficial interest holder. (Opp. Mot. to Dismiss 6.) MERS remains the beneficiary of record on the deed of trust or mortgage even as the beneficial interest is assigned repeatedly within MERS's electronic system.

Approximately two years after they obtained their loans, plaintiffs defaulted, and a Notice of Default and Election to Sell Under Deed of Trust was recorded on April 17, 2009. (FAC ¶ 45; RJN Ex. 6.) MERS allegedly assigned the Note and Deed of Trust for plaintiffs' first loan to Indymac on April 15, 2009, and the assignment was recorded on August 28, 2009 (RJN Ex. 5). A Notice of Trustee's Sale was recorded on August 5, 2009 by Trustee Corps, and a Trustee's Deed Upon Sale was recorded by Trustee Corps on August 28, 2009.  (RJN Ex. 7, 8.)

3

In their FAC, plaintiffs assert nine causes of action against seven defendants. MERS's Motion to Dismiss challenges only the causes of action that apply to MERS. (Mot. to Dismiss at 1-2.)

II. Discussion

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556-57).

A. Rosenthal Fair Debt Collection Practices Act

Plaintiff's first cause of action alleges that MERS and other defendants violated the Rosenthal Fair Debt Collection Practices Act ("RFDCPA" or "Rosenthal Act"), 1 Cal. Civ. Code §§ 1788 et seq. (FAC 10.) The RFDCPA prohibits a host of unfair and oppressive methods of collecting debt, but to be liable under the RFDCPA a defendant must fall under its definition of "debt collector." Izenberg v. ETS Svcs., LLC, 589 F. Supp. 2d 1193,

4

1199 (C.D. Cal. 2008).  A "debt collector" under the RFDCPA is "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection."  Cal. Civ. Code § 1788.2(c) (2008).

Plaintiffs do not identify in their FAC the sections of the RFDCPA that MERS has allegedly violated and fail to allege facts that would support the inference that MERS is a "debt collector" under the RFDCPA.  Instead, their FAC contains only a conclusory restatement of the definition of "debt collector" under the RFDCPA, (FAC ¶ 53.), and lumps MERS, Indymac, and Trustee Corps as "defendants" who threatened to (1) collect on a debt not owed to them, (2) make false reports to credit reporting agencies, (3) foreclose upon a void security interest, (4) foreclose upon a note that they did not possess, (5) falsely state the amount of a debt, (6) increase the amount of a debt by including amounts not permitted by law or contract, and (7) use unfair and unconscionable means to collect a debt.  (FAC ¶ 54.)

In their Opposition, plaintiffs allege that MERS is a debt collector by virtue of assigning plaintiff's Note and Deed of Trust to Indymac, (Opp. Mot. to Dismiss 12:4-5.), and that their illegal act was participating in a "civil conspiracy" with Indymac by enabling them to collect a debt from plaintiffs.  (Id. 12:6, :14-17.)  Plaintiffs fail to explain how assigning the Deed of Trust constitutes "debt collection" under the RFDCPA.  Plaintiffs have therefore failed to plead facts sufficient under Federal Rule of Civil Procedure 8(a)(2) to survive a motion to dismiss.  MERS's Motion to Dismiss plaintiffs' cause of action for RFDCPA violations is granted with leave to amend.

5

B.  <u>Negligence</u>

To prove a cause of action for negligence, plaintiffs must show "(1) a legal duty to use reasonable care; (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff[s'] injur[ies]." <u>Mendoza v. City of Los Angeles</u>, 66 Cal. App. 4th 1333, 1339 (Ct. App. 1998) (citation omitted).  "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." <u>Vasquez v. Residential Invs., Inc.</u>, 118 Cal. App. 4th 269, 278 (2004).  Plaintiffs contend that "[d]efendants breached their duty of care to [p]laintiffs when they failed to maintain the original Mortgage Note, failed to properly create original documents, and failed to make the required disclosures to [p]laintiffs."  (FAC ¶ 61.)

Plaintiffs' cite no authority for the proposition that MERS owed plaintiffs a duty to maintain documents, perform its administrative duties, or not transfer its interest in the note without proper authority.  Absent such authority, a pleading of an assumption of duty by MERS, or a special relationship, plaintiff cannot establish MERS owed a duty of care.  <u>See</u> <u>Hardy v. Indymac Federal Bank</u>, No. 09-935, 2009 WL 2985446, at *7 (E.D. Cal. Sept. 15, 2009); <u>Bentham v. Aurora Loan Servs.</u>, No. 09-2059, 2009 WL 2880232, at *3 (N.D. Cal. Sept. 1, 2009).  As the listed nominee and beneficiary under the Deed of Trust, MERS had authority to assign its beneficial interest to another party.  <u>See</u> Cal. Civ. Code § 1934 ("Any assignment of a mortgage and any assignment of the beneficial interest under a deed of trust may be recorded, and from the time the same is filed for record

6

1  operates as constructive notice of the contents thereof to all
2  persons."); Bentham, 2009 WL 2880232 at *3.
3         Additionally, the FAC does not indicate which of the
4  actions apply to MERS. (FAC ¶ 61.) Defendant should not be
5  forced to guess how its conduct was allegedly negligent. See
6  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council
7  of Carpenters, 459 U.S. 519, 526 (1983). While plaintiffs allege
8  more details in their Opposition to the motion to dismiss, the
9  court cannot consider material outside of the complaint on a Rule
10 12(b)(6) motion to dismiss. Anderson v. Angelone, 86 F.3d 932,
11 935 (9th Cir. 1996).
12 ///
13     C.   Fraud
14         In California, the essential elements of a claim for
15 fraud are "(a) a misrepresentation (false representation,
16 concealment, or nondisclosure); (b) knowledge of falsity (or
17 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d)
18 justifiable reliance; and (e) resulting damage." In re Estate of
19 Young, 160 Cal. App. 4th 62, 79 (2008). Under the heightened
20 pleading requirements for claims of fraud under Federal Rule of
21 Civil Procedure 9(b), "a party must state with particularity the
22 circumstances constituting the fraud." Fed. R. Civ. P. 9(b).
23 The plaintiffs must include the "who, what, when, where, and how"
24 of the fraud. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1006
25 (9th Cir. 2003) (citation omitted). "The plaintiff must set
26 forth what is false or misleading about a statement, and why it
27 is false." Decker v. Glenfed, Inc., 42 F.3d 1541, 1548 (9th Cir.
28 1994). Additionally, "[w]here multiple defendants are asked to

7

respond to allegations of fraud, the complaint must inform each defendant of his alleged participation in the fraud." <u>Ricon v. Reconstrust Co.</u>, No. 09cv937, 2009 WL 2407396, at *3 (S.D. Cal. Aug. 4, 2009) (quoting <u>DiVittorio v. Equidyne Extractive Indus.</u>, 822 F.2d 1242, 1247 (2d Cir. 1987)).

Plaintiffs' fraud allegations do not even come close to surviving a motion to dismiss. Plaintiffs simply allege that "Defendants, and each of them, have made several misrepresentations to Plaintiffs with regard to material facts." (FAC ¶ 83.) Even though plaintiffs reincorporate their earlier allegations to this cause of action, this conclusory statement does not identify with specificity what representations MERS specifically made, when they were made, who made them, or why they were false.

The FAC also fails to spell out how MERS participated in the fraud, and instead makes a vague blanket statement that all defendants are made "several misrepresentations" to plaintiff. (<u>Id.</u>) The contention that MERS engaged in a misrepresentation to plaintiffs when it allegedly "illegally assigned [p]laintiffs' Note and Deed to [d]efendant Indymac," is incomprehensible. (Opposition 15:1-2.) It is unclear why such an action is a misrepresentation at all. Indeed, as the listed beneficiary as nominee on the Deed of Trust, MERS had the right to assign its beneficial interest to a third party. <u>Supra</u> section II.B. Second, the conclusory allegations that MERS played a key part in a scheme where loans were pooled, put into trusts, and had securities sold off of them by enabling members to disregard legal requirements for the transfer of an interest

8

in real property are "mere labels and conclusions" that are prohibited by Federal Rule of Civil Procedure 8(a)(2). <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). Other courts have summarily rejected the argument that companies like MERS lose their power of sale pursuant to the deed of trust when the original promissory note is assigned to a trust pool. <u>See, e.g.</u>, <u>Hafiz v. Greenpoint Mortgage Funding, Inc.</u>, No. 09-1729, 2009 WL 2137393, at *2 (N.D. Cal. July 16, 2009). "Rule 9(b) does not allow a complaint merely to lump multiple defendants together but require(s) [p]laintiff to differentiate the allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." <u>Swartz v. KPMG, LLP</u>, 476 F.3d 756, 764-765 (9th Cir. 2007)(citation omitted).

Plaintiffs also do not state how MERS's alleged misrepresentation of its rights as a beneficiary on the deed harmed them. Instead plaintiffs make the conclusory statement that "they were harmed and suffered damages." (FAC ¶ 88.) At the pleading stage, the complaint "must show a cause and effect relationship between the fraud and damages sought; otherwise no cause of action is stated." <u>Small v. Fritz Companies</u>, 30 Cal. 4th 167, 202 (2003)(citations omitted). Without such information it is impossible for the court to determine if plaintiffs cannot state a cause of action for fraud because "the damages sustained were otherwise inevitable or due to unrelated causes." <u>Goehring v. Chapman Univ.</u>, 121 Cal. App. 4th 353, 365 (2004). Without pleading facts to explain this causal connection, plaintiffs' cause of action must fail. <u>See</u> <u>Iqbal</u>, 129 S. Ct at 1949.

1         Accordingly, plaintiffs' sweeping allegations fail to
2    meet Rule 9(b)'s heightened pleading standard, and MERS's Motion
3    to Dismiss plaintiffs' fraud cause of action is granted with
4    leave to amend.
5         D.   <u>California Business & Professions Code § 17200</u>
6         California's Unfair Competition Law ("UCL"), Cal. Bus.
7    & Prof. Code §§ 17200-17210, prohibits "any unlawful, unfair, or
8    fraudulent business act or practice." <u>Cal-Tech Communic'ns, Inc.
9    v. Los Angeles Cellular Tel. Co.</u>, 20 Cal. 4th 163, 180 (1999).
10   "By proscribing 'any unlawful' business practice, section 17200
11   'borrows' violations of other laws and treats them as unlawful
12   practices that the unfair competition law makes independently
13   actionable." <u>Id.</u> (citation omitted).  This cause of action is
14   generally derivative of some other illegal conduct or fraud
15   committed by a defendant, and "[a] plaintiff must state with
16   reasonable particularity the facts supporting the statutory
17   elements of the violation." <u>Khoury v. Maly's of Cal., Inc.</u>, 14
18   Cal. App. 4th 612, 619 (1993).
19        Plaintiffs' claims under the UCL are vague and
20   conclusory, simply alleging that "[d]efendants acts as alleged
21   herein constitute unlawful, unfair, and/or fraudulent business
22   practices."  (FAC ¶ 91.)  The court has already indicated it will
23   dismiss plaintiffs' other causes of action for violation of the
24   Rosenthal Act, negligence, and fraud against MERS for failure to
25   state a claim.  Since plaintiffs have failed to state a claim on
26   any of these other grounds, and since those appear to be the sole
27   basis for plaintiffs' UCL claim, they by necessity have failed to
28   state a claim under the UCL.  Accordingly, MERS's motion to

1  dismiss plaintiffs' UCL cause of action is granted with leave to
2  amend.
3      IT IS THEREFORE ORDERED that defendant MERS's motion to
4  dismiss plaintiffs' First Amended Complaint as against defendant
5  MERS be, and the same hereby is, GRANTED.
6      Plaintiffs have thirty days from the date of this Order
7  to file an amended complaint, if they can do so consistent with
8  this Order.
9  DATED:  November 5, 2009

                    /s/ William B. Shubb
                    WILLIAM B. SHUBB
                    UNITED STATES DISTRICT JUDGE