UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| RODOLFO B. BAISA and BELLA G. BAISA,<br><br>       Plaintiffs,<br><br>  v.<br><br>INDYMAC FEDERAL BANK; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; TRUSTEE CORPS; BALDWIN MORTGAGE, INC.; ORHAN TOLU; MYRNA D. BAESA and DOES 1-20 inclusive,<br><br>       Defendants.<br>_____/ | NO. CIV. 2:09-1464 WBS JMF<br><br><u>MEMORANDUM AND ORDER RE:<br>MOTION TO DISMISS</u> |

----oo0oo----

Plaintiffs Rodolfo B. and Bella G. Baisa ("the Baisas") filed this action against Indymac Federal Bank ("Indymac"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Trustee Corps, Baldwin Mortgage, Inc., Orhan Tolu, and Myrna D. Baesa alleging various state and federal claims relating to loans they obtained to refinance their home in Fair Oaks, California. In

their SAC, plaintiffs assert nine causes of action against six defendants.

MERS moves to dismiss plaintiffs' Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. MERS's Motion to Dismiss challenges only the causes of action that apply to MERS. (Mot. to Dismiss at 1.) Plaintiffs did not oppose the motion. Nor did plaintiffs file a statement of non-opposition pursuant to Eastern District Local Rule 230(c). Therefore, the hearing date of February 1, 2010 is VACATED pursuant to Eastern District Local Rule 230(c), and the court takes defendant's motion to dismiss under submission without oral argument.

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556-57).

A.  <u>Rosenthal Fair Debt Collection Practices Act</u>

Plaintiff's first cause of action alleges that MERS and other defendants violated the Rosenthal Fair Debt Collection Practices Act ("RFDCPA" or "Rosenthal Act"), 1 Cal. Civ. Code §§ 1788 <u>et seq.</u> (SAC 9.)  This cause of action, however, continues to suffer from the same shortfalls this court identified in its November 6, 2009 Order granting defendants' motion to dismiss. (<u>See</u> Docket No. 61 at 4-5.)  Plaintiffs do not plead facts necessary to support the inference that MERS is a "debt collector" under the RFDCPA; specifically, that MERS engages in "debt collection," that the deed of trust memorializes a "consumer credit transaction," and that the amount owed under the deed of trust is a "consumer debt" according to the RFDCPA.  See Cal. Civ. Code § 1788.2(b)-(f); <u>Izenberg v. ETS Svcs., LLC</u>, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) ("Because foreclosure does not constitute debt collection under the RFDCPA, it does not appear that plaintiff can cure this deficiency."); <u>see also</u> <u>Ines v. Countrywide Home Loans, Inc.</u>, No. 08-1267, 2009 WL 4791863, at *2 (S.D. Cal. Nov. 3, 2008) ("Mortgage companies collecting debts are not 'debt collectors'") (quoting <u>Williams v. Countrywide Home Loans, Inc.</u>, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007)).

Plaintiffs also continue to impermissibly lump MERS and other defendants together when outlining alleged Rosenthal Act violations.  (<u>See</u> SAC ¶ 54.)  Plaintiffs have amended their Rosenthal Act claim to include the arguments originally in their Opposition to MERS's first motion to dismiss, and allege that MERS is not a beneficiary under the deed of trust as a matter of law, exceeded its powers by assigning its beneficial interest to

3

Indymac, failed to perform its "duties" to plaintiffs in a reasonable manner. None of these activities are even remotely related to the prohibited acts of "debt collection" under the RFDCPA. Plaintiffs vaguely assert that MERS's actions were "in furtherance of" a course of conduct constituting debt collection. The sections of the California Civil Code cited by plaintiffs in their SAC as RFDCPA sections allegedly violated by MERS merely recite legislative findings regarding the need to legislate against unfair debt collection practices. See Cal. Civ. Code § 1788.1(a)(1)-(2). Such vague allegations fail to state a claim under the Rosenthal Act and are insufficient to survive a motion to dismiss.

   B. Negligence

To prove a cause of action for negligence, plaintiffs must show "(1) a legal duty to use reasonable care; (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff[s'] injur[ies]." Mendoza v. City of Los Angeles, 66 Cal. App. 4th 1333, 1339 (Ct. App. 1998) (citation omitted). "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." Vasquez v. Residential Invs., Inc., 118 Cal. App. 4th 269, 278 (2004).

This court's November 6, 2009 Order stated that plaintiffs must establish that MERS owed them a duty of care by showing MERS owed plaintiffs a duty of care, an assumption of duty by MERS, or a special relationship. (See Docket No. 61 at 6.) Instead of remedying this failure in their SAC, plaintiffs again simply assert that MERS owed them a duty of care. (SAC ¶

61.) Plaintiffs also continue to assert, contrary to this court's November 6, 2009 Order, that MERS lacked authority to assign its beneficial interest to Indymac. (Id.; see Docket No. 61 at 6.) Finally, plaintiffs continue to improperly allege facts as against all defendants, forcing MERS to guess how its conduct was allegedly negligent. (SAC ¶ 21.) Plaintiffs have clearly failed to correct the deficiencies of this cause of action that the court outlined in its prior order, and this cause of action cannot survive a motion to dismiss.

  C. California Business & Professions Code § 17200

    California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal-Tech Communic'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). "By proscribing 'any unlawful' business practice, section 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." Id. (citation omitted). This cause of action is generally derivative of some other illegal conduct or fraud committed by a defendant, and "[a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." Khoury v. Maly's of Cal., Inc., 14 Cal. App. 4th 612, 619 (1993).

    Plaintiffs' UCL claim contains the same vague allegations that were present in their FAC. (FAC ¶ 91.) The court has already indicated it will dismiss plaintiffs' other causes of action for violation of the Rosenthal Act, and negligence against MERS for failure to state a claim. Since

plaintiffs have failed to state a claim on any of these other grounds, and since those appear to be the sole basis for plaintiffs' UCL claim, they by necessity have failed to state a claim under the UCL. Accordingly, defendant MERS's motion to dismiss plaintiffs' UCL cause of action will be granted.

   D.  Leave To Amend

Counsel for plaintiffs has failed to comply with Eastern District Local Rule 230(c) by filing neither an opposition nor a notice of non-opposition to defendants' motion to dismiss the SAC with prejudice. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." Cal. Architectural Bldg. Prods. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). Furthermore, while leave to amend must be freely given, the court is not required to allow futile amendments. See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983); see also Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987). The court's November 6, 2009 Order specifically advised plaintiffs of the pleading defects and what plaintiff needed to plead to rectify them, and gave plaintiff the opportunity to file the SAC. As explained above, plaintiffs SAC fails to correct any of these defects.

It is clear that further amendment will not help plaintiffs adequately plead their causes of action against MERS. Since the deficiencies which the court pointed out in its

November 6, 2009 Order have not been corrected, the court can only conclude that plaintiffs are either unwilling or unable to properly plead claims for Rosenthal Act and UCL violations and for negligence. Cf. Garcia ex rel. Marin v. Clovis Unified School Dist., No. 08-1924, 2009 WL 2982900, at *9 (E.D. Cal. Sept. 14, 2009). Dismissal without leave to amend is therefore appropriate.

E. Sanctions

If plaintiff's attorney could not draft a complaint that contained a single claim upon which relief could be granted against MERS, he could have at least complied with Local Rule 230(c) and told the court he had no opposition to the granting of defendant's motion. Instead, as he has done before,[1] he ignored the Local Rule and did nothing in response to the motion to dismiss plaintiffs' complaint. Counsel's failure to comply with Local Rule 230(c) and timely file any response to MERS's motion to dismiss is inexcusable, and has inconvenienced the court by forcing it to nevertheless examine the motion on the merits.

Local Rule 110 authorizes the court to impose sanctions for "[f]ailure of counsel or of a party to comply with these Rules." Therefore, the court will sanction plaintiff's counsel, Michael J.M. Brook, $200.00 payable to the Clerk of the Court within ten days from the date of this Order, unless he shows good

---

[1] This is not the first time Mr. Brook has failed to comply with the Local Rules. In Raya v. Wachovia Mortgage et al., No. 2:09-1325 (E.D. Cal.) (Docket No. 14), and in Bledea v. Wash. Mut. Home Loans et al., No. 2:09-1490 (E.D. Cal.) (Docket No. 24), Mr. Brook failed to timely file an opposition or notice of non-opposition to motions to dismiss. Such repeated disregard for the Local Rules should not go unsanctioned.

7

cause for his failure to comply with the Local Rules.

IT IS THEREFORE ORDERED that defendant MERS's motion to dismiss plaintiffs' Second Amended Complaint with prejudice as against defendant MERS be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that within ten days of the date of this Order Michael J.M. Brook shall either (1) pay sanctions of $200.00 to the Clerk of the Court, or (2) submit a statement of good cause explaining his failure to comply with Local Rule 230(c).

DATED: February 2, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE