1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9                          ----oo0oo----

10   RODOLFO B. BAISA and BELLA G.
     BAISA,
11                                       NO. CIV. 2:09-1464 WBS JFM
               Plaintiffs,
12
          v.                             ORDER RE: MOTION TO AMEND
13
     INDYMAC FEDERAL RESERVE; AEGIS
14   WHOLESALE CORPORATION; BALDWIN
     MORTGAGE, INC.; C21 FUNDING,
15   INC.; ORHAN TOLU; MYRNA D. BAESA;
     and DOES 1-20, inclusive,
16
               Defendants.
17   _____/

18

19                         ----oo0oo----

20          Plaintiffs Rodolpho B. Baisa and Bella G. Baisa filed

21   this lawsuit against defendants Indymac Federal Reserve, Aegis

22   Wholesale Corporation, Baldwin Mortgage, Inc., C21 Funding, Inc.,

23   Orhan Tolu, and Myrna Baesa asserting a number of claims in

24   regard to a loan and foreclosure affecting their property.

25   Before the court is plaintiffs' motion for leave to file a Third

26   Amended Complaint.

27          Plaintiffs' initial Complaint was filed on May 28,

28   2009, against defendants Indymac Federal Bank, Aegis Wholesale

                                   1

1  Corporation, Mortgage Electronic Registration Systems, Inc.

2  ("MERS"), Baldwin Mortgage, Inc., C21 Funding, Inc., Orhan Tolu

3  and Myrna D. Baesa.  (Docket No. 1.)  Plaintiffs amended their

4  original complaint once as a matter of course and filed a First

5  Amended Complaint ("FAC") on August 3, 2009.  (Docket No. 13.)

6  MERS subsequently filed a motion to dismiss the FAC, which the

7  court granted with leave to amend.  (Docket No. 61.)  Plaintiffs

8  submitted a Second Amended Complaint ("SAC"), which MERS again

9  moved to dismiss.  (Docket No. 65.)  MERS's motion to dismiss the

10  SAC was granted with prejudice as to the claims against MERS.

11  (Docket No. 72.)  Plaintiffs now move to file a Third Amended

12  Complaint ("TAC") to eliminate a cause of action, remove the

13  claims against MERS, and add additional facts to their remaining

14  claims.

15       Generally, a motion to amend is subject to Rule 15(a)

16  of the Federal Rules of Civil Procedure, which provides that

17  "[t]he court should freely give leave [to amend] when justice so

18  requires."  Fed. R. Civ. P. 15(a)(2).  However, "[o]nce the

19  district court ha[s] filed a pretrial scheduling order pursuant

20  to Federal Rule of Civil Procedure 16[,] which establishe[s] a

21  timetable for amending pleadings[,] that rule's standards

22  control[]."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604,

23  607-08 (9th Cir. 1992).  Here, the court issued a Status

24  (Pretrial Scheduling) Order on October 30, 2009, which states

25  that further amendments to the pleadings are prohibited "except

26  with leave of court, good cause having been shown under Federal

27  Rule of Civil Procedure 16(b)."  (Docket No. 60.)

28       Under Rule 16(b), a party seeking leave to amend must

1  demonstrate "good cause."  Fed. R. Civ. P. 16(b).  "Rule 16(b)'s

2  'good cause' standard primarily considers the diligence of the

3  party seeking amendment."  <u>Johnson</u>, 975 F.2d at 609.  "If that

4  party was not diligent, the inquiry should end."  <u>Id.</u>  Although

5  "the focus of the inquiry is upon the moving party's reasons for

6  seeking modification[,]" a court may make its determination by

7  noting the prejudice to other parties.  <u>See</u> <u>id.</u> (finding that

8  "the existence or degree of prejudice to the party opposing the

9  modification might supply additional reasons to deny a motion" to

10  amend).

11       If good cause is found, the court should then evaluate

12  the request to amend the complaint in light of Rule 15(a)'s

13  liberal standard.  <u>Id.</u> at 608.  Courts commonly consider four

14  factors when deciding whether to grant a motion for leave to

15  amend a complaint under Rule 15(a): bad faith, undue delay,

16  prejudice, and futility of amendment.  <u>Roth v. Marquez</u>, 942 F.2d

17  617, 628 (9th Cir. 1991).  Because Rule 16(b)'s "good cause"

18  inquiry essentially incorporates the first three factors, if a

19  court finds that good cause exists, it should then deny a motion

20  for leave to amend only if such amendment would be futile.

21       In their proposed TAC, plaintiffs state eight causes of

22  action against defendants.  The proposed TAC eliminates

23  plaintiffs' previous cause of action for violation of the Real

24  Estate Settlement Procedures Act, 12 U.S.C. § 2605, removes the

25  claims against MERS, and adds additional facts that state the

26  remaining seven causes of action with greater specificity.

27       Plaintiffs have shown good cause for leave to amend.

28  Plaintiffs were sufficiently diligent in requesting leave to file

3

their proposed TAC.  Although plaintiffs' original complaint was
filed nearly a year ago, plaintiffs have continued to respond to
motions in the interim and most recently filed their SAC just
over six months ago.  Plaintiffs' delay in requesting leave to
amend is no so substantial as to warrant concluding that they
were not diligent in filing this motion, given that discovery is
not set to close until September 16, 2010, and trial is set for
March 8, 2011.  Any delay on the part of plaintiffs is also
largely mitigated by the fact that the proposed TAC does not
introduce new legal theories; on the contrary, it either removes
or clarifies the claims in the SAC.  See Ho v. Ernst & Young LLP,
No. C 05-04867 JF, 2007 U.S. Dist. LEXIS 54034, at *5 (N.D. Cal.
July 17, 2007) (stating that delay is less likely to be
considered unreasonable when "proposed amendments do not alter
significantly the thrust of Plaintiff's case").

        Plaintiffs' good faith is undisputed.  Plaintiffs state
that their reasons for seeking leave to amend are to remove
causes of action, reduce issues, clarify parties, and correct
typographical errors.  The TAC's proposed changes are consistent
with these reasons.  Granting plaintiffs' motion would also not
come at the cost of prejudice to defendants.  A proposed
amendment is prejudicial only when it unfairly affects the
defendants' ability to prepare a defense to the amended pleading.
See Minter v. Prime Equip. Co., 451 F.3d 1196, 1208 (10th Cir.
2006).  Here, the risk of prejudice to defendants is low because
plaintiffs are not introducing new claims and discovery is far
from over.  Plaintiffs have accordingly left defendants ample
time to respond to the changes in the proposed TAC.  Finally,

1  there is no reason to believe that plaintiffs' proposed
2  amendments will be futile.
3         IT IS THEREFORE ORDERED that plaintiffs' motion for
4  leave to file a Third Amended Complaint be, and the same hereby
5  is, GRANTED.
6         Plaintiffs shall file their Third Amended Complaint
7  within fourteen days of the date of this Order.
8  DATED:  June 7, 2010
9
10 _____
11 WILLIAM B. SHUBB
   UNITED STATES DISTRICT JUDGE
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28